UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSE RAY JAGGERS,<br><br>                  Petitioner,<br><br>vs.<br><br>WARDEN RANDY VALLEY,<br><br>                  Respondent. | Case No. 1:21-cv-00421-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

      Earlier in this matter, the Honorable United States Magistrate Judge Raymond E. Patricco issued an Initial Review Order with reassignment to the United States District Judge because he preliminarily concluded that the claims of Petitioner Jesse Ray Jaggers (Petitioner) were without merit. Dkt. 8. Petitioner asserts that the screening judge should not "argue for or against the petitioner's claims." Dkt. 10, p. 3. The duty of a screening judge is to screen out or dismiss cases with no merit. The judge is not making an "argument for or against a petitioner's claims," but making a determination on the subject matter of the pleadings. Federal habeas corpus law *requires* a court to dismiss claims that fail to state a federal claim upon which relief can be granted without serving the Petition upon the Respondent if it is clear from the face of the Petition and any exhibits that the petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254.

      Having considered the Initial Review Order, Petitioner's Response, and the record in this matter, the Court concludes that Petitioner's claims are without merit and subject to

summary dismissal. There is no dispute that Petitioner is serving a state criminal sentence for murder that was pronounced as a minimum of 25 years and a maximum of life. *See* Dkt. 3-2, p. 18.[1] As of May 29, 2018, Petitioner had served 30 years in the Idaho Department of Correction (IDOC) prison system. According to IDOC public records, his next parole hearing will be held in January 2023.[2]

Petitioner argues that an indeterminate "life" sentence does not mean "life," but means 30 years. This argument has been made multiple times by different prisoners in the state and federal courts. For all of the reasons cited by previous courts and by Judge Patricco, these arguments are legally groundless. Under the law cited by Judge Patricco, an indeterminate life sentence means that the longest Petitioner will have to serve is life (until his death), but that he may become eligible for parole upon serving his fixed term of incarceration.

Petitioner desires to bring forward evidence to support his claims; however, that is both prohibited[3] and unnecessary because this case presents a matter of law and the material fact at issue—Petitioner's indeterminate life sentence—is undisputed. There is no "evidence" Petitioner can bring that would demonstrate his life sentence is really a sentence of no more than 30 years. Records of the Idaho Commission of Pardons and Paroles have nothing to do with the sentence pronounced in his case. There is nothing ambiguous about

---

[1] Petitioner's first degree robbery conviction, for which he received and served a concurrent fixed 10-year sentence, is not at issue.

[2] *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/28127.

[3] Generally, the merits of the claims in a federal habeas corpus petition are decided on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §2254(e)(2).

Petitioner's sentence, regardless of whether Petitioner or any other prisoner with a similar or dissimilar sentence is paroled.

For the reasons cited in Judge Patricco's Order, the Court agrees that Petitioner's sentence does not violate the Eighth Amendment. This argument fails because Petitioner's sentence is within the statutory limits for the crime of first-degree murder. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948) (where a sentence is "within the limits set by the statute, its severity would not be grounds for relief."); *see also State v. Parker*, 241 F.3d 1114 (9th Cir. 2001) (same). Here, under the Idaho statute, Petitioner could be sentenced to death or to prison "for life." Hence, a sentence of "life"—either fixed or indeterminate—demonstrates that Petitioner's sentence is within the statutory limits.

Even a long sentence that is within statutory limits is not unconstitutional. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine); *Lockyer v. Andrade*, 583 U.S. 63, 75 (2003) (a sentence of two consecutive terms of 25 years to life in prison for third strike under California law for petty theft is not cruel and unusual). Petitioner was convicted of the most serious offense specified by the law—first degree murder—which, in certain instances, can warrant the death penalty. Because the life sentences for lesser crimes in *Harmelin* and *Lockyer* were upheld by the United States Supreme Court, Petitioner has no federal constitutional argument that his sentence is too harsh for the crime he committed. The Court further agrees with Judge Patricco that Petitioner has no Eighth Amendment claim that he is being held past his full-term release date, because the prison is entitled to

SUCCESSIVE REVIEW ORDER - 3

hold him until he dies.

Petitioner has not stated an Equal Protection claim. He says that the IDOC discriminates against prisoners serving a life sentence, compared to those prisoners serving lesser sentences. Dkt. 3, p. 6. He argues that "[e]very prisoner has the right to know what his or her debt to society is, and to know the measure to its end." *Id*. Petitioner's sentence is clear: his debt to society for taking the life of another human being is to remain in prison until he dies, unless the ICPP deems him eligible for parole. To the extent that Petitioner means that he is entitled to know his parole eligibility date, his argument is unsupported in the law *and* moot, because he knows it—it is January 2023. Even if he is paroled, he may be re-incarcerated until the end of his life if he violates his parole terms. That is what a life sentence requires.

Petitioner's argument that he is being treated differently from other inmates because *they* have a fixed full-term release date and *he* does not is not legally sound; under the law, persons who are not, in fact, similarly situated to Petitioner need not be treated the same. "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

Finally, Plaintiff's claims centered on the state statutory scheme raises a question of state law—the interpretation of a sentence "for life" or "indeterminate life" under a state statute. *See State v. Murphy*, 158 P.2d 315 (Idaho Ct. App. 2007)(citing *State v. Wood*, 876 P.2d 1352 (Idaho 1993)). This Court has no authority to grant habeas corpus relief "for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The Court has nothing to add to Judge Patricco's correct analysis:

> A federal court may review a state court's interpretation of state law only when the state court's interpretation is (1) "untenable," meaning "incapable of being maintained or supported,"[4] or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975).
>
> The Uniform Sentencing Act states that a sentencing court must specify a minimum period of confinement and also "may specify a subsequent indeterminate period of custody." *See* I.C. § 19-2513(1). The state court statutory scheme at issue and its interpretation—far from being untenable—are reasonable. Its application in Petitioner's case is plain and correct. His minimum term is 25 years; his maximum term is life—which is within the punishments specified by the first degree murder statute. This sentence clearly meets the criteria of the Uniform Sentencing Act. "For life" is both an *indeterminate* term (because Petitioner may or may not be paroled) and is also a specific end of a term of punishment (because if Petitioner is not released on paroled, he remains in prison for life).
>
> Nor does the Court find any "subterfuge to avoid federal review" in the state sentencing statute or in the manner it has been interpreted. The interpretation is plain and reasonable, and there is no indication that the Idaho legislature or Idaho courts are simply attempting to keep a federal issue out of federal court by the statute's design or its interpretation.

Dkt. 8, pp. 8-9. Based on all of the foregoing, Petitioner has stated no viable ground for federal relief with his challenge to the state criminal sentencing scheme.

---

[4] Oxford English Dictionary online, http://dictionary.oed.com, *untenable* (2d. ed. 1989).

SUCCESSIVE REVIEW ORDER - 5

In summary, Petitioner's claims, under all of his legal theories, have been brought in and thoroughly analyzed as a matter of law in, this Court many times before. There are no factual issues showing that Petitioner was not sentenced to life, and that is why the Court has sufficient grounds to dismiss his case at the screening stage of proceedings. There are no different answers to these questions, which are decided as matters of law. Accordingly, the Petition for Writ of Habeas Corpus will be summarily dismissed with prejudice. No certificate of appealability will issue.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 2) is DENIED and DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: April 19, 2022

David C. Nye
Chief U.S. District Court Judge